1

2

3

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

4

**\* \* \***

5

BEAZER HOME HOLDING CORP,                    )
                                             )
6                                            )
                    Plaintiff,               )
7                                            )                    2:09-cv-02089-RCJ-LRL
                                             )
8  v.                                        )
                                             )                    **O R D E R**
9  CW CAPITAL FUND ONE, LLC, *et al.*,       )
                                             )
10                  Defendants.              )
   ————————————————————————————————         )

11

12          Before the court is intervenor, LPP Mortgage Ltd. ("LPP")'s Ex Parte Motion to Amend

Discovery Plan and Scheduling Order (#58). The court has considered the motion, plaintiff's Opposition

13  (#59), and LPP's Reply (#61).

14          Pursuant to the court's March 8, 2010 Scheduling Order (#26), discovery in this case closes on

15  July 16, 2010.  The deadline for initial expert disclosures was May 19, 2010, while the deadline to

16  disclose rebuttal experts was June 18, 2010.  The deadline to file dispositive motions is August 16,

17  2010; the deadline to file a pretrial order is September 14, 2010; and trial is set for November 16, 2010.

18          LPP filed an Emergency Motion to Intervene (#43) on May 24, 2010.  In its Response (#56,

19  filed June 10, 2010), plaintiff represented that while it did not oppose the Motion to Intervene, it did

20  oppose any extension of the discovery deadlines and trial date already set in the case.  That same day,

21  LPP filed the instant Ex Parte Motion to Amend Discovery Plan and Scheduling Order (#58).[1]  Plaintiff

22  filed its Opposition (#59) to the Ex Parte  Motion (#58) on June 15, 2010.  On June 18, 2010, the court

23  granted LPP's Motion to Intervene (#43), and LPP filed its Reply (#61) regarding the Ex Parte Motion

24  ————————————————————————————————————————————————————————————————

25          [1]  Though filed ex parte, notice of the filing of the motion (#58) was served on counsel for plaintiff and defendants.
It seems LPP filed the motion ex parte in an effort to have it regarded as an emergency motion. The procedures regarding
26  emergency motions are addressed in Local Rule 26-7(c)-(d).  Inasmuch as counsel for the parties were served with notice
of the Ex Parte Motion (#58) when it was filed, any error on LPP's part in filing it as such appears to be harmless.

(#58).

LPP requests that the discovery deadlines currently set by the court be extended by four months and the trial date extended by 120 days, until March 16, 2011.  LPP argues that good cause exists to amend the scheduling order, inasmuch as some deadlines have already passed in this case, including the deadlines to disclose testifying experts and rebuttal experts.  Plaintiff maintains that LPP is not new to the case, having been involved since February, 2010, when it began discussions with plaintiff about substituting in as a party for defendant, New South Federal Savings Bank, and therefore should not be allowed to "undue the last 3 ½ months of its own delay."  Opp'n (#59) at 4.  Plaintiff notes that on May 3, 2010, LPP filed a Motion to Intervene as Defendant and Substitute as Cross-Plaintiff and Third-Party Plaintiff (#38).  Although plaintiff agreed to a Proposed Order (#42) on LPP's Motion (#38),  LPP withdrew them both on May 25, 2010.  Plaintiff further represents that "LPP participated in discovery, even submitting its own written discovery responses on May 11, 2010."  Opp'n (#59) at 5.  Finally, plaintiff asserts, "[t]hat LPP has waited 3 ½ months to file a new motion to intervene is not good cause to delay this case by 4 months"  *Id.* at 6.

A scheduling order "shall not be modified except upon a showing of good cause and by leave of . . . a magistrate judge." Fed. R. Civ. P. 16(b). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  If the moving party fails to demonstrate diligence, 'the inquiry should end.'" *Id.* Here, LPP has not unduly delayed in seeking an extension of the discovery deadlines.  The court's Scheduling Order (#26) was entered on March 8, 2010.  LPP's Motion to Intervene (#43) was granted on June 18, 2010, and the instant Ex Parte Motion to Amend Discovery Plan and Scheduling Order (#58) was filed on June 10, 2010.  Although plaintiff protests that it "should not be prejudiced by LPP's recent change in strategy to delay this case by 4 months," Opp'n (#59) at 8-9, plaintiff doesn't suggest how it would be unduly prejudiced by an extension of the discovery deadlines.  Plaintiff represents that "it would be willing to discuss with LPP minor modifications to the Scheduling Order that are both mutually agreeable and maintain the November, 2010 trial date," Opp'n (#59) at 6,

but doesn't indicate what modifications it would propose.  The deadlines will be extended by sixty (60) days.

Accordingly, and for good cause shown,

IT IS ORDERED that LPP's Ex Parte Motion to Amend Discovery Plan and Scheduling Order (#58) is granted. The following deadlines shall now be in effect:

| | |
|---|---|
| Discovery cutoff | September 14, 2010 |
| Amend pleadings and add parties | May 7, 2010 |
| Disclose experts | July 19, 2010 |
| Disclose rebuttal experts | August 17, 2010 |
| Dispositive motions | October 15, 2010 |
| Joint Pretrial Order | November 15, 2010 |

DATED this 29th day of June, 2010.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**